UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID L. HARTMAN, )<br>)<br>  Plaintiff )<br>)<br>vs. )<br>)<br>SHELDON and HINES, )<br>)<br>  Defendants ) | CAUSE NO. 3:05-CV-770 RM |

OPINION AND ORDER

The amended complaint alleges that the defendants did not protect David L. Hartman from an attack by another inmate. Mr. Hartman, though originally represented by counsel, is now proceeding *pro se*. The parties have presented a fully briefed motion for summary judgment. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).

The defendants contend that Mr. Hartman cannot prove that they were deliberately indifferent to a substantial risk of serious harm. Deliberate indifference is an element of an Eighth Amendment claim for failure to protect. When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is a high standard. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Liability doesn't attach even if a defendant is incompetent, Walker v. Peters, 233 F.3d 494 (7th Cir. 2000), or unreasonable, Gibbs v.Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

Defendant Sheldon declared under penalty for perjury that,

> 8. I did not observe anything on or about December 4, 2003, that would lead me to believe that plaintiff David Hartman, DOC # 127947, faced a particular risk of substantial harm.

2

>	9. I did not receive any communications that would lead me to believe that Mr. Hartman faced a particular risk of substantial harm.
>	10. I had no reason to believe that Mr. Hartman faced a particular risk of substantial harm on December 4, 2003, and did not believe it.

Sheldon Declaration at 2, docket # 41-5. Defendant Hines declared under penalty for perjury that,

>	11. Until the moment I responded to the commotion in the waiting room, I had observed nothing and received no communications that led me to believe that Mr. Hartman faced a particular risk of substantial harm.
>	12. I had no reason to believe that Mr. Hartman faced a particular risk of substantial harm on December 4, 2003 and did not believe it.

Hines Declaration at 2, docket # 41-4.

Mr. Hartman was informed by the defendants' notice to a *pro se* party, as required by N.D. IND. L.R. 56.1(e), that

> Any factual assertion in the affidavits will be accepted by the court as being true unless you submit your own affidavits or other documentary evidence contradicting the assertion. Your failure to respond in that way would be the equivalent of failing to present any evidence in your favor at a trial.

Motion for Summary Judgment, docket # 41-1 at 3. In response to the motion for summary judgment, Mr. Hartman submitted three pages which the defendant's move to exclude. It is unnecessary to exclude them because their consideration is of no advantage to the plaintiff.

Absent from Hartman's submissions is any evidence that the defendants were deliberately indifferent. First, he submits a cover letter he wrote to defense counsel for his other two pages. In it he asserts that the defendant lied under oath. He states that he had 19 serious puncture wounds and that he is disabled

3

for life. Second, he submits a copy of the third page of the defendants' memorandum in support of the motion for summary judgment. On it he has written that Officer Hines neglected to supervise the commissary area when he left 40-50 inmates unattended, that it is not true that Officer Hines was the only officer working in the commissary area at the time of the attack, and that it was not true that Officer Hines took Mr. Hartman to the infirmary because he said his back was hurt and that he only learned about the stabbing later. Third, he submits a copy of Captain Rogers' incident report about the attack. This report says that Officer Hines was called to the scene after Mr. Hartman was found on the floor. It states that Officer Hines took a knife from another inmate after restraining him. It says that Mr. Hartman was taken to medical. It further describes events after the attack, but it says nothing about Officer Sheldon and nothing about events before the attack.

The defendants are correct that none of these pages are sworn affidavits or declarations made under penalty for perjury pursuant to 28 U.S.C. § 1746. Even if they were, none of these statements provide any evidence that the defendants were deliberately indifferent to a substantial risk. There is no evidence in the record before this court to contradict the defendants' declarations, under penalty for perjury, that they were not deliberately indifferent.

For the foregoing reasons, the court DENIES the motion to exclude evidence (docket # 42) and GRANTS the motion for summary judgment (docket # 41).

SO ORDERED.

ENTERED: July  23 , 2007

                                            /s/ Robert L. Miller, Jr.
                                           Chief Judge
                                           United State District Court